Christopher R. Houk, Bar No. 020843
Geoff Morris, Bar No. 031210
**GILLESPIE, SHIELDS, DURRANT & GOLDFARB**
7319 North 16th Street
Phoenix, Arizona 85020
Tel.  602-870-9700
Fax  602-870-9783
chouk@gillaw.com
gmorris@gillaw.com

Send all documents to:
mailroom@gillaw.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rosalie Ann Feickert,<br><br>  Plaintiff,<br><br>  v.<br><br>Neurological Physicians of Arizona, Inc., William Grainger, Jane Doe Grainger, spouses, Jeffrey Shy, Jane or John Doe Shy, spouses, Catherine C. Kapoor, John Doe Kapoor, spouses,<br><br>  Defendants. | Case No:<br><br>**COMPLAINT**<br><br>**(JURY TRIAL DEMANDED)** |

Neurological Physicians of Arizona, Inc., an Arizona corporation, failed to pay overtime compensation in violation of the Fair Labor Standards Act of 1938 (FLSA), as amended and codified at 29 U.S.C. § 201 *et seq.*, and accrued vacation pay and sick time under A.R.S. § 23-353 and pursuant to the reasonable expectations of the parties. Plaintiff Rosalie Ann Feickert submits this Complaint for relief against the Defendants and Jury

Trial Demand pursuant to Federal Rules of Civil Procedure (FRCP), Rules 3, 7(a)(1), 8(a), 38(b), and 39(a).

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this is a civil action against under the laws of the United States, namely brought under the FLSA.

2. This Court has supplemental subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3. This Court has personal jurisdiction over Neurological Physicians of Arizona, Inc., an Arizona corporation, because each regularly transacts business in, has significant and continuous contact with, and is domiciled in this District.

4. Venue is proper under 28 U.S.C. § 1391(b). At least one Defendant resides in this District, and all Defendants reside in the State in which the District is located. A substantial part of the acts or omissions giving rise the claims asserted herein occurred in this District.

## PARTIES

5. At all relevant times, Plaintiff Rosalie Feickert, is a citizen and resident of Maricopa County, Arizona who was employed by Defendants as defined in 29 U.S.C. § 203(e)(1) and as used in 29 U.S.C. § 207(a).

6. Defendant NPA is, and has been at all times relevant to this Complaint:

GILLESPIE, SHIELDS, DURRANT & GOLDFARB
7319 North 16th Street
Phoenix, Arizona 85020
Telephone: (602) 870-9700 ◆ Fax: (602) 870-9783

    A.    An Arizona Corporation authorized to conduct business in Arizona within the jurisdiction of this Court and has a principal place of business is located at 726 North Greenfield Road, Ste. 110, Gilbert, Arizona 85234.

    B.    An "employer" as that term is defined in 29 U.S.C. § 203(d), and used in 29 U.S.C. §§ 207(a);

    C.    An "enterprise engaged in commerce or in the production of goods for commerce" as that term is defined in 29 U.S.C. § 203(r),(s);

    D.    Owned and managed by Defendants William Grainger, Jeffrey Shy, and Catherine Kapoor.

7.    Defendant William Grainger is, and has been at all times relevant to this Complaint:

    A.    An individual residing in Maricopa County, Arizona;

    B.    An "employer" as that term is defined in 29 U.S.C. § 203(d) and used in 29 U.S.C. § 207(a);

    C.    Upon information and belief, lawfully married to Defendant John or Jane Doe Grainger, whose name will be amended upon learning of the spouse's identity, acting on behalf of their marital community; and

    D.    The President and CEO of NPA, acting on its behalf.

8.    Defendant Jeffrey Lee Shy is, and has been at all times relevant to this Complaint:

    A.    An individual residing in Maricopa County, Arizona;

B. An "employer" as that term is defined in 29 U.S.C. § 203(d) and used in 29 U.S.C. § 207(a);

C. Upon information and belief, lawfully married to Defendant John or Jane Doe Shy, whose name will be amended upon learning of the spouse's identity, acting on behalf of their marital community; and

D. An officer of NPA, acting on its behalf.

9. Defendant Catherine C. Kapoor is, and has been at all times relevant to this Complaint:

A. An individual residing in Maricopa County, Arizona;

B. An "employer" as that term is defined in 29 U.S.C. § 203(d) and used in 29 U.S.C. § 207(a);

C. Upon information and belief, lawfully married to Defendant John or Jane Doe Kapoor, whose name will be amended upon learning of the spouse's identity, acting on behalf of their marital community; and

D. An officer of NPA, acting on its behalf.

10. The John and Jane Doe Defendants are named solely because of Arizona's community property laws.

**Fact Allegations in Support of All Counts**

11. Since about November 1998, NPA employed Feickert as a Front Office Worker.

12. NPA provides neurological medical care to patients.

13. Feickert's primary job duties included the following:

GILLESPIE, SHIELDS, DURRANT & GOLDFARB
7319 North 16th Street
Phoenix, Arizona 85020
Telephone: (602) 870-9700 ♦ Fax: (602) 870-9783

A. Opening the office in the morning.

B. Retrieving incoming faxed documents, date stamping and placing account numbers on them;

C. Checking patients in and out of NPA;

D. Calling in prescriptions;

E. Filing documents into patient files, including all necessary forms for patient check-in;

F. Answering the telephone;

G. Scheduling appointments; and

H. Locking up office before leaving.

14. Feickert's primary job duties were not exempt from the requirements of the FLSA.

15. Feickert's primary job duties did not involve the exercise of discretion with regard to matters of significance.

16. Feickert did not supervise others, but worked under the supervision of others.

17. From 1998 until January 13, 2014, Defendants paid Feickert overtime for the hours she worked over 40 per week. On January 13, 2014, Defendants stopped paying Feickert overtime, citing "financial issues." Defendants memorialized this policy change in a letter. *See* Exhibit 1.

18. Feickert regularly worked for Defendants without being paid overtime compensation for all the hours she worked in excess of 40 hours in a workweek.

Page 5 of 12

19. Defendants were legally obligated to pay overtime hours, and Defendants benefitted from the overtime hours Feickert worked.

20. Defendants engaged in the following behavior:

    A. willfully failed to record all the time that its employees, including Feickert, have worked for the benefit of Defendants; and

    B. willfully failed to keep records as required by the FLSA.

21. Grainger formulated and carried out NPA policies relating to compensation, including overtime, the classification of workers as exempt and non-exempt, payment of overtime hours, and the payment of sick time and vacation time.

22. Upon information and belief, Shy, and Kapoor, formulated and carried out NPA policies relating to compensation, including overtime, the classification of workers as exempt and non-exempt, payment of overtime hours, and the payment of sick time and vacation time.

23. Feickert routinely and regularly worked in excess of forty hours per workweek without being paid overtime wages.

24. Defendants knew that federal law required them to pay their employees performing non-exempt duties overtime wages for hours worked in excess of forty per week.

25. Feickert was not paid any overtime wages at the required rate of one and a half times her regular rate of pay for any of the hours worked in excess of 40 hours in each of the above years.

GILLESPIE, SHIELDS, DURRANT & GOLDFARB
7319 North 16th Street
Phoenix, Arizona 85020
Telephone: (602) 870-9700 ♦ Fax: (602) 870-9783

26. Defendants' failure to pay Feickert overtime wages for her work in excess of 40 hours per week was willful, intentional and without justification or authorization.

27. Feickert estimates the following:

A. From about May 1, 2014 to December 31, 2014, Feickert worked a total of about 429 hours without pay—13 hours per week for 33 weeks at a rate of pay of $24.03/hour. This amounts to $10,308.87.

B. From January 1, 2015 until December 2015, Feickert worked a total of 936 hours without pay—19.5 hours per week for 48 weeks at a rate of pay of $24.03/hr. This amounts to $22,492.08.

C. From on or about 2016, Feickert worked a total of 1,080 hours without pay—24 hours per week for 45 weeks at a rate of pay of $24.03/hr. This amounts to $25,952.40.

D. Based on the above, Feickert has preliminarily calculated that she was underpaid in the amount of not less than $58,753.35.

28. The individual Defendants are personally liable for failing to pay Feickert overtime.

29. Feickert is entitled to recover her unpaid overtime compensation and an equal amount as liquidated damages.

30. Feickert is entitled to recover her attorneys' fees incurred herein pursuant to 29 U.S.C. § 216.

31. Neurological Physicians of Arizona employed Feickert until her resignation, effective December 9, 2016.

32. NPA had a policy or practice of payment its employees their accrued vacation pay and one-half their accrued sick time at the time they left their employment.

33. Based on her records, at the time of her separation of employment, Feickert accrued 204.75 hours of vacation time, totaling $3,276.

34. Also, based on her records, at the time of her separation of employment, Feickert accrued 1,030 hours of sick time. Thus Feickert had an expectation of receiving payment of 515 hours of sick time or $8,240.

35. Defendants customarily paid employees unused vacation and one-half of their sick leave upon separation of the employment.

36. Following her resignation, several times Feickert asked NPA to pay vacation time and one half of her unused sick leave, but Defendants have refused to pay her.

## COUNT I

## Violation of the Fair Labor Standards Act

37. Feickert realleges and incorporates all allegations in all preceding paragraphs as if fully set forth in this claim.

38. At all relevant times, NPA was an employer covered under the FLSA pursuant to 29 U.S.C. § 201, *et seq*.

39. At all relevant times, Feickert was an employee covered under the FLSA.

40. Feickert has consented in be a party in writing, pursuant to 29 U.S.C. § 216(b). *See* Exhibit A.

41. NPA failed to pay Feickert for about 2,445 hours of overtime work as described above.

42. Feickert is entitled to double the amount due under the FLSA because NPA did not act in good faith and does not have any objectively reasonable grounds for failing to pay Feickert her normal hourly rate for all overtime hours.

43. NPA's conduct was willful.

44. The individual Defendants are personally liable for failing to pay Feickert overtime wages.

45. Feickert is entitled to recover her unpaid overtime compensation and an equal amount as liquidated damages.

46. Feickert is entitled to recover her attorneys' fees incurred herein pursuant to 29 U.S.C. § 216(b).

## COUNT II

### Failure to Pay Unpaid Compensation

47. Feickert realleges and incorporates all allegations in all preceding paragraphs as if fully set forth in this claim.

48. A.R.S. ¶ 23-353 requires employers to pay sick pay and vacation pay when promised to the employee.

49. NPA has a practice of paying departing employees their accrued vacation pay and one-half their accrued sick pay.

50. Feickert has a reasonable expectation of payment of her unused vacation pay and one-half of accrued sick pay.

51. NPA failed to pay Feickert any of her unused vacation pay or sick pay in violation of A.R.S. ¶ 23-353.

52. Feickert is entitled to payment of her unused vacation pay and one-half of accrued sick pay and three times the amount of the unpaid compensation.

## COUNT III

### Breach of the Implied Covenant of Good Faith and Fair Dealing

53. Feickert realleges and incorporates all allegations in all preceding paragraphs as if fully set forth in this claim.

54. Pursuant to the employment contract, Feickert has a reasonable expectation that NPA would pay her accrued unused vacation pay and one-half sick pay upon separation of employment.

55. NPA induced Feickert's reasonable expectation as set out in its policies and practices to pay all employees accrued unused vacation pay and one-half sick pay upon separation of employment.

56. Moreover, NPA did pay its employees as set out in its policies and practices to pay accrued unused vacation pay and one-half pay time upon separation of employment.

57. The policy and practice of paying employees accrued unused vacation pay and one-half sick pay upon separation is a benefit NPA provides its employees, including Feickert.

58. NPA has not paid Feickert accrued unused vacation pay and one-half sick pay upon separation of employment.

59. Feickert is entitled to payment of her unused vacation pay and one-half of accrued sick pay.

60. Feickert is entitled to her attorney's fees pursuant to A.R.S. § 12-341.01 because this claim arises from the employment contract.

61. Feickert is entitled to her taxable costs pursuant to A.R.S. § 12-341.

WHEREFORE, Feickert requests Judgment against Defendants as follows:

A. For a declaration that NPA violated Feickert's rights under the FLSA, A.R.S. § 23-353, and the implied covenant of good faith and fair dealing;

B. For a judgment for Feickert against Neurological Physicians of Arizona, Inc., William Grainger, Jane or Doe Grainger, Jeffrey Shy, Jane or John Doe Shy, Catherine Kapoor, Jane or John Doe Kapoor, for the overtime wages due;

C. For pre-judgment and post-judgment interest on the above amounts at the highest legal rate;

D. For a judgment for Feickert for liquidated damages against Neurological Physicians of Arizona, Inc., William Grainger, Jane or Doe Grainger, Jeffrey Shy, Jane or John Doe Shy, Catherine Kapoor, Jane or John Doe Kapoor;

E. For an order awarding Feickert's reasonable attorneys' fees against Neurological Physicians of Arizona, Inc., William Grainger, Jane or Doe Grainger, Jeffrey Shy, Jane or John Doe Shy, Catherine Kapoor, Jane or John Doe Kapoor;

F. For a judgment for Feickert against Neurological Physicians of Arizona, Inc., William Grainger, Jane or Doe Grainger, Jeffrey Shy, Jane or John Doe Shy,

Catherine Kapoor, Jane or John Doe Kapoor, for unpaid compensation, and three times the amount of the unpaid compensation;

G.  For all costs of suit; and

H.  For such other and further relief as is proper and just.

Respectfully submitted this 1st day of May, 2017.

**GILLESPIE SHIELDS DURRANT & GOLDFARB**

By  /s/ Christopher R. Houk
   Christopher R. Houk
   Geoff Morris
   *Attorneys for Plaintiff*

GILLESPIE, SHIELDS, DURRANT & GOLDFARB
7319 North 16th Street
Phoenix, Arizona 85020
Telephone: (602) 870-9700 ♦ Fax: (602) 870-9783